[Civ. No. 5373. Second Appellate District, Division One.—May 3, 1928.]

A. E. REDDING, Respondent, v. G. M. PETTY, Appellant.

William Ellis Lady for Appellant.

Bearman & Englehardt and Marcus C. Clark for Respondent.

WOOD (W. J.), J., *pro tem.*—Plaintiff alleged in his complaint that there became due him from defendant the sum of $1,000 for services rendered at the special instance and request of defendant and that only $600 had been paid. Judgment was rendered in plaintiff's favor in the sum of $400, in accordance with the prayer of the complaint. Defendant now contends that the evidence was insufficient to support the findings.

The evidence was fragmentary and the witnesses did not clearly explain the transaction. A careful reading of the

record discloses that plaintiff testified, in substance, that he was employed as a real estate salesman by defendant, who held a broker's license; that defendant held an option on a 20-acre tract of land and agreed to give plaintiff a certain commission for negotiating its sale; that plaintiff and one Brown were attempting to make a sale to one LaTow, but encountered difficulties in completing the transaction, and thereupon each agreed with the defendant that defendant should assist in consummating the sale and that they would reduce their commission so that plaintiff, Brown and defendant should each receive $1,000 of the total commission of $3,000; that defendant completed the sale and received in cash as part of his commission the sum of $300; that defendant at once gave $100 to plaintiff and $100 to Brown; that after the sale was made to LaTow defendant was about to go to Kentucky and plaintiff was in need of money; that thereupon, after some argument between the parties, defendant gave plaintiff a check for $500 and plaintiff signed a receipt which was written on a form commonly used in acknowledging receipts of deposits in real estate purchases, certain of the words being crossed out. As finally signed the receipt was as follows: "Received of G. M. Petty the sum of $500 Dollars As commission in full until 5 lots *is* sold on frontage in Tract 6812 Goodyear Heights *than* $400 is to be *payed* 20% now Frontage means San Pedro St."

Defendant testified that the total commission received for the sale of the 20-acre tract included certain lots besides the $300 received in cash; that he, plaintiff and Brown were to each sell a certain number of these lots; that when he made the $500 payment to plaintiff it was understood to be in full settlement and that plaintiff should receive the regular commission for any lot that he might thereafter sell; that plaintiff did in fact sell one lot for $2,500 and received a commission of $125 therefor; that defendant himself sold the other lots. Plaintiff denied that he ever agreed to take his commission "in lots." The testimony of defendant was in contradiction of the terms of the receipt accepted by him when he paid $500 to plaintiff. By the terms of this receipt plaintiff was to receive $400 additional when five lots should be sold. Both parties testified that all of the lots were in fact sold. The

findings of the trial court, made upon conflicting evidence, are sustained and we are bound thereby.

The judgment is affirmed.

Conrey, P. J., and York, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 2, 1928.

All the Justices present concurred.